IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER HOLLOWAY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MEDICAL RECORDS OF SURGERY AND LOSE OF LISENCE VISION IMPAIRED,<br><br>　　　　　Defendant. | 8:24CV419<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on Plaintiff Walter Holloway's Complaint. Filing No. 1. For the reasons that follow, the Court will dismiss the Complaint and will impose limitations on Plaintiff's submissions to this Court due to Plaintiff's continued filing of miscellaneous, nonsensical materials.

## I. DISCUSSION

**A. Present Complaint is Deficient**

　　　　Plaintiff, proceeding pro se, commenced this action on October 28, 2024, by filing an unsigned Complaint. Filing No. 1. After Plaintiff failed to correct the signature deficiency as directed by the Clerk of the Court, *see* Filing No. 2 (text notice of deficiency), the Court ordered Plaintiff to sign his Complaint and either pay the $405.00 filing and administrative fees or submit a request to proceed in forma pauperis ("IFP") on or before January 2, 2025, or face dismissal of this action. *See* Filing No. 6. To date, Plaintiff has failed to file a signed copy of his Complaint or file an IFP motion or pay the Court's filing and administrative fees. Accordingly, the Court will dismiss this action without prejudice for failure to correct the deficiencies identified by the Court and for failure to comply with the Court's orders.

Even if Plaintiff's Complaint did not suffer from the deficiencies described above, the Court still would find dismissal appropriate as the Complaint is nonsensical, incoherent, and fails to comply with the Federal Rules of Civil Procedure, which is characteristic of the multitudes of documents Plaintiff submits to this Court.  In light of Plaintiff's litigation and filing history in this Court, as discussed below, the Court will not take any action on Plaintiff's submissions to this Court that do not comply with this Memorandum and Order and will direct the Clerk of the Court to docket such submissions under a miscellaneous docket number.

## B.  Plaintiff's Litigation History

Plaintiff has a long history of filing frivolous lawsuits in this Court.  Since 2018, Plaintiff has filed thirty-one (31) civil actions, and all of those which proceeded to initial review were dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1]  *See, e.g.*, *Holloway v. Holloway*, 8:21-cv-00334-JFB-PRSE (D. Neb. Nov. 2,

---

[1] *See Holloway v. Maria*, No. 8:18CV108, 2018 WL 11308652 (D. Neb. Apr. 10, 2018) (dismissed for lack of jurisdiction, failure to state a claim, frivolous); *Holloway v. Maria et al*, 8:18-cv-00135-RGK-PRSE (D. Neb. April 10, 2018) (same); *Holloway v. Omaha Pub. Power Dist.*, No. 8:18CV208, 2018 WL 2320644 (D. Neb. May 22, 2018) (same); *Holloway v. MUUD et al*, 8:18-cv-00560-RGK-PRSE (D. Neb. Jan. 7, 2019) (dismissed for failure to prosecute); *Holloway v. Omaha Work Staffing et al*, 8:18-cv-00497-RGK-PRSE (D. Neb. Feb. 13, 2019) (dismissed for failure to state a claim); *Holloway v. False Address to Avoid Relief of Court*, 8:19-cv-00127-RGK-PRSE (D. Neb. April 19, 2019) (frivolous); *Holloway v. DMV Dep't of Motor Vehicles*, No. 8:19CV326, 2019 WL 3554816 (D. Neb. Aug. 5, 2019) (frivolous); *Holloway v. Firefighter for Station #33 et al*, 8:19-cv-00378-RGK-PRSE (D. Neb. Oct. 22, 2019) (lack of jurisdiction); *Holloway v. Metro Bus*, No. 8:20CV426, 2020 WL 6146468 (D. Neb. Oct. 20, 2020) (lack of jurisdiction and frivolous); *Holloway v. Family Sickness of Insanity et al*, 8:20-cv-00441-RGK-PRSE (D. Neb. Nov. 6, 2020) (lack of prosecution); *Holloway v. Viruse-Coroner Labling Wrong Definition of Omaha A Place to Raise A Family et al*, 8:20-cv-00450-RGK-PRSE (D. Neb. Dec. 17, 2020) (same); *Holloway v. Erasing How Off. Identity to Qualify for Bounty Hunters*, No. 8:20CV480, 2021 WL 24715 (D. Neb. Jan. 4, 2021) (failure to state a claim and frivolous); *Holloway v. Fahey*, No. 8:20CV490, 2021 WL 24716 (D. Neb. Jan. 4, 2021) (same); *Holloway v. Brown*, No. 8:20CV495, 2021 WL 917120 (D. Neb. Mar. 10, 2021) (failure to state a claim); *Holloway v. 130% Loan Sharks*, No. 8:21CV128, 2021 WL 1873461 (D. Neb. May 10, 2021) (same); *Holloway v. Kristie et al*, 8:21-cv-00190-RGK-PRSE (D. Neb. July 7, 2021) (failure to prosecute); *Holloway v. Held Recs. of DMV*, No. 8:21CV207, 2021 WL 3287537 (D. Neb. Aug. 2, 2021) (frivolous); *Holloway v. Vetran's Affs. United State Gov't, of Tialand Refugee's within U.S.*, No. 8:21CV141, 2021 WL 3492781 (D. Neb. Aug. 9, 2021) (frivolous); *Holloway v. Holloway*, No. 8:21CV334, 2021 WL 4307110 (D. Neb. Sept. 22, 2021) (frivolous); *Holloway v. United States Parks/Humane Societies*, 8:21-cv-00460-RGK-PRSE (D. Neb. Dec. 28, 2021) (failure to prosecute); *Holloway v. United States Parks/Humane Societies*, 8:22-cv-00048-JFB-

2023) (Filing No. 25 at 2 n.1, noting Plaintiff's 23 civil cases filed as of November 2023 and his propensity for filing frivolous lawsuits); *Holloway v. Held Recs. of DMV*, No. 8:21CV207, 2021 WL 3287537, at *2 n.2 (D. Neb. Aug. 2, 2021) (listing a sampling of cases dismissed as frivolous); *Holloway v. Fahey*, 8:20-cv-00490-RGK-PRSE (D. Neb. Nov. 24, 2020) (Filing No. 5 at 1–2, listing nine cases dismissed as frivolous or for failure to state a claim). As a result of Plaintiff's propensity for filing frivolous lawsuits as well as extraneous supplemental pleadings, motions, correspondence, and other unintelligible materials, the Court imposed filing restrictions on Plaintiff on December 17, 2020, limiting him to filing one pro se, in forma pauperis complaint per month. *Holloway v. Fahey*, 8:20-cv-00490-RGK-PRSE (D. Neb. Dec. 17, 2020) (Filing No. 6). In conjunction with these restrictions, any submission tendered by Plaintiff that did not comply with the Court's filing limitation would be returned to Plaintiff without filing. *Id*.

Though the Court sought to protect itself from "unnecessary burdens on, and the useless consumption of, court resources," Filing No. 5 at 3, Case No. 8:20CV490, Plaintiff has continued to file nonsensical, unintelligible materials with the Court which do not comply with the Federal Rules of Civil Procedure, are often captioned in other courts, and must be returned to Plaintiff through the PS3000 designation. Since 2018, by the Court's count, the Court has returned 464 submissions to Plaintiff with over half of those submissions returned in the last three years. Plaintiff also continues to file random,

---

PRSE (D. Neb. April 5, 2022) (same); *Holloway v. Phone Tech*, No. 8:22CV259, 2022 WL 13823656 (D. Neb. Oct. 21, 2022) (frivolous); *Holloway v. Wallenburg*, 8:22-cv-00321-JFB-PRSE (D. Neb. Dec. 2, 2022) (failure to prosecute); *Holloway v. Lancaster Cnty./Sheriff-Police*, No. 8:22CV411, 2023 WL 3548662 (D. Neb. May 18, 2023) (frivolous); *Holloway v. Choracter Rebecca et al*, 8:23-cv-00107-JFB-PRSE (D. Neb. June 5, 2023) (failure to prosecute); *Holloway v. Judge Schaltz*, 8:23-cv-00192-JFB-PRSE (D. Neb. July 19, 2023) (same); *Holloway v. Wolman et al*, 8:23-cv-00389-JFB-PRSE (D. Neb. Dec. 14, 2023) (same); *Holloway v. Placzek*, 8:24-cv-00249-JFB-PRSE (D. Neb. Aug. 23, 2024) (same); *Holloway v. University of Nebraska et al*, 8:24-cv-00278-SMB-PRSE (D. Neb. Nov. 6, 2024) (same).

unintelligible materials in his closed cases,[2] despite the Court's admonishments to refrain from doing so as "[t]he Court will not take any action on any further correspondence or other documents filed in [his closed] case[s] that do not comply with federal and the Court's local pleading rules and do not clearly specify the relief sought" and "will not expend its limited resources addressing any more of Plaintiff's incomprehensible filings in this, or any other, closed case."  *Holloway v. Wolman et al*, 8:23-cv-00389-JFB-PRSE (D. Neb. April 3, 2024) (Filing No. 21 at 2–3); *see also Holloway v. Holloway*, 8:21-cv-00334-JFB-PRSE (D. Neb. Nov. 2, 2023) (Filing No. 25, same); *Holloway v. Phone Tech et al*, 8:22-cv-00259-JFB-PRSE (D. Neb. June 2, 2023) (Filing No. 30 at 3, same); *Holloway v. Wallenburg*, 8:22-cv-00321-JFB-PRSE (D. Neb. May 12, 2023) (Filing No. 14, same).

## C.  Limitation on Plaintiff's Submissions

Plaintiff's continued filing of nonsensical and irrelevant materials has required much of the Court's time to review, as well as the expense of returning such submissions to Plaintiff.  To effectuate the Court's previously-stated goal of avoiding waste of judicial resources, the Clerk of the Court is directed to docket Plaintiff's prior[3] and future submissions that (1) cannot be construed as either seeking to file a new civil action or

---

[2] Cases in which Plaintiff filed materials after the cases were closed include: *Holloway v. Maria et al*, 8:18-cv-00135-RGK-PRSE (Filing Nos. 57, 59, 60, 62–71); *Holloway v. Omaha Public Power District et al*, 8:18-cv-00208-RGK-PRSE (Filing Nos. 10–12); *Holloway v. DMV Department of Motor Vehicles et al*, 8:19-cv-00326-RGK-PRSE (Filing Nos. 8–10, 12, 14–16); *Holloway v. Fahey et al*, 8:20-cv-00490-RGK-PRSE (Filing Nos. 11); *Holloway v. Holloway*, 8:21-cv-00334-JFB-PRSE (Filing Nos. 21–23, 27); *Holloway v. Phone Tech et al*, 8:22-cv-00259-JFB-PRSE (Filing Nos. 25–29, 31); *Holloway v. Wallenburg*, 8:22-cv-00321-JFB-PRSE (Filing Nos. 11, 13, 15–16); *Holloway v. Judge Schaltz*, 8:23-cv-00192-JFB-PRSE (Filing Nos. 15 & 16); *Holloway v. Wolman et al*, 8:23-cv-00389-JFB-PRSE (Filing Nos. 17–19, 22 & 23); *Holloway v. University of Nebraska et al*, 8:24-cv-00278-SMB-PRSE (Filing Nos. 18–19).

[3] Here, "prior" submissions only refers to those submissions submitted by Plaintiff prior to the entry of this Memorandum and Order that are awaiting review by a Supervising Pro Se Judge or his designee pursuant to the previously-imposed filing restrictions in *Holloway v. Fahey*, 8:20-cv-00490-RGK-PRSE (D. Neb. Dec. 17, 2020) (Filing No. 6).

clearly seeking specific relief in an existing action, (2) are captioned for another court, or (3) do not conform to the Federal Rules of Civil Procedure and the Court's local pleading rules under *In re Walter Holloway* and assign a miscellaneous docket number to these filings. The Court shall take no action on these submissions and such submissions shall not be returned to Plaintiff.

## II. CONCLUSION

This matter is dismissed without prejudice for the deficiencies discussed above. The Court will no longer take any action on Plaintiff's submissions to this Court that do not conform to this Memorandum and Order, and such limitation on Plaintiff's submissions is in addition to the restrictions previously imposed upon Plaintiff in *Holloway v. Fahey*, 8:20-cv-00490-RGK-PRSE (D. Neb. Dec. 17, 2020) (Filing No. 6).

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because Plaintiff failed to prosecute it diligently and failed to comply with this Court's orders.

2. The Clerk of the Court is directed to assign a miscellaneous docket number under *In re Walter Holloway* and to file under that number prior and future submissions made by Plaintiff that do not conform to this Memorandum and Order as directed by a Supervising Pro Se Judge or his designee after reviewing such submissions. No action shall be taken on these submissions.

3. The Court shall enter judgment by a separate document.

Dated this 21st day of January, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge